## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL            'O'

| Case No. | 2:16-cv-01309-CAS(AFMx) | Date | May 10, 2016 |
|---|---|---|---|
| Title | GUY HART, ET AL., v. BAYVIEW LOAN SERVICING, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**     (IN CHAMBERS) - DEFENDANT BAYVIEW LOAN SERVICING, LLC AND BANK OF AMERICA'S MOTION TO DISMISS (Dkt. 7, filed March 2, 2016)

DEFENDANT REO PARTNERS, LLC's MOTION TO DISMISS (Dkt. 12, filed March 15, 2016)

## I.      INTRODUCTION

On December 21, 2015, plaintiffs Guy Hart, Leemor Hart Lavy, and Zeev Lavy (collectively, "plaintiffs") filed the instant action in the Los Angeles County Superior Court against defendants Bayview Loan Servicing ("Bayview"), Bank of America ("Bank of America"), the Law Offices of Les Zieve ("Zieve"), and Does 1 through 20, inclusive. Dkt. 1 (Compl.). Plaintiffs later identified Doe 1 as REO Partners, LLC ("REO"). The complaint asserts claims for wrongful foreclosure, declaratory relief, and "temporary restraining order and preliminary injunctions."[1] See generally Compl. On February 25, 2016, defendants removed this action to federal court, asserting diversity jurisdiction. Dkt. 1 (Notice of Removal).

---

[1] Of course, "[a] preliminary injunction . . . is not, in itself a cause of action. Thus, a cause of action must exist before injunctive relief may be granted." Major v. Miraverde Homeowners Assn., 7 Cal.App.4th 618, 623 (1992). Accordingly, defendants Bayview and Bank of America argue in their motion to dismiss that plaintiffs cannot sustain an independent claim for "injunctive relief" because no such claim exists. Plaintiffs' papers do not address this issue or otherwise rebut defendants' argument. Accordingly, plaintiffs' third claim is **DISMISSED** without prejudice.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| **CIVIL MINUTES - GENERAL** | | | **'O'** |
|---|---|---|---|
| Case No. | 2:16-cv-01309-CAS(AFMx) | Date | May 10, 2016 |
| Title | GUY HART, ET AL., v. BAYVIEW LOAN SERVICING, ET AL. | | |

On March 2, 2016, defendants Bayview and Bank of America filed a joint motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  Dkt. 7 ("Bayview Motion").  On March 28, 2016, plaintiffs filed an opposition to the Bayview Motion.  Dkt. 20 ("Opp'n to Bayview").  On April 20, 2015, defendants Bayview and Bank of America filed a reply.  Dkt. 29 ("Bayview Reply").  On March 15, 2016, defendant REO filed a separate motion to dismiss pursuant to Rule 12(b)(6).  Dkt. 12 ("REO Motion").  On April 4, 2016, plaintiffs filed an opposition to REO's motion.  Dkt. 22 (Opp'n to REO).  Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II.   BACKGROUND

On or about March 27, 2007, plaintiff Guy Hart obtained a $1,000,000 loan (the "subject loan") from Countrywide Home Loans, Inc. in order to purchase the real property located at 20338 Via Sansovino, Los Angeles, California 91326 (the "Property").  See Compl.  at ¶¶ 12-13; Dkt. 8 (Request for Judicial Notice, or "RJN"), Ex. 1.[2]  A Deed of Trust was entered evidencing a mortgage.  See RJN, Ex. 1.  According to the complaint in this action, plaintiff Guy Hart's sister (plaintiff Leemor Hart Levy) and her husband (plaintiff Zeev Lavy) have resided at the Property since 2007.  Compl. at ¶¶ 4–5.

On or about November 18, 2011, a Notice of Default and Election to Sell Under Deed of Trust indicating an arrearage of $78,534.24 was recorded in the Los Angeles County Recorder's Office.  See RJN, Ex. 2; Compl. at ¶ 16.  The complaint alleges that

---

[2]  Defendants filed two requests for judicial notice of certain documents contained in the official public records of the County of Los Angeles.  See Dkts. 8 ("RJN"), 13 ("RJN II").  The Court grants defendants' request for judicial notice because these documents are in the public record and their existence is "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).  Indeed, courts routinely take judicial notice of these types of documents.  See, e.g., Liebelt v. Quality Loan Serv. Corp., 2011 WL 741056, at *6 n.2 (N.D. Cal. Feb.24, 2011); Reynolds v. Applegate, 2011 WL 560757, at *1 n.2 (N.D. Cal. Feb.14, 2011); Giordano v. Wachovia Mortg., 2010 WL 5148428, at *1 n.2 (N.D. Cal. Dec. 14, 2011).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 2:16-cv-01309-CAS(AFMx) | Date | May 10, 2016 |
|---|---|---|---|
| Title | GUY HART, ET AL., v. BAYVIEW LOAN SERVICING, ET AL. | | |

after the recording of the Notice of Default, plaintiffs "communicated at length with Bank of America in an effort to modify the loan," but were informed on November 3, 2011 that the property was to be placed in "Accelerated Foreclosure." Compl. at ¶¶ 15-16. Thereafter, plaintiff Guy Hart purportedly made numerous attempts to seek a loan modification and prevent the foreclosure. Id. at ¶ 16. Specifically, plaintiffs allege that in January 2012, they sent Bank of America a tender offer to purchase the home in full or, in the alternative, to modify the subject loan. Id. at ¶¶ 17-18. Plaintiffs further allege, however, that while they were engaged with Bank of America in ongoing efforts to modify the loan, the Deed of Trust had already been assigned to The Bank of New York Mellon in October 2011. Id. at ¶ 19. The assignment was recorded on November 1, 2011. Id.

Plaintiffs further aver that throughout 2014 and 2015, negotiations to modify the loan were ongoing between plaintiff Guy Hart and defendant Bayview Loan Servicing. See generally id. at ¶¶ 20-29. Nonetheless, on November 4, 2015, a Notice of Trustee's Sale was recorded in the Los Angeles County Recorder's Office indicating that the estimated amount of the "unpaid balance and other charges" on the loan was $1,341,448.66. RJN, Ex. 3. Pursuant to the Notice of Trustee's Sale, a sale of the Subject Property was held on November 30, 2015. RJN, Ex. 4. In the operative complaint, plaintiff Guy Hart alleges that on December 2, 2015, he contacted defendant Bayview Loan Servicing regarding the status of the loan modification and discovered that the Property had already been sold days earlier. Compl. at ¶ 31. Plaintiffs allege that they had no notice of the impending Trustee's Sale and that the resulting sale was wrongful and must be set aside. See id. at ¶¶ 32-34.

## III.   LEGAL STANDARD

A motion pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint. Under this Rule, a district court properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.' " Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balisteri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."

Case 2:16-cv-01309-CAS-AFM   Document 33   Filed 05/10/16   Page 4 of 9   Page ID #:277

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL          'O'

| Case No. | 2:16-cv-01309-CAS(AFMx) | Date | May 10, 2016 |
|----------|-------------------------|------|--------------|
| Title | GUY HART, ET AL., v. BAYVIEW LOAN SERVICING, ET AL. | | |

Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  "[F]actual allegations must be enough to raise a right to relief above the speculative level."  Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them.  Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998).  The complaint must be read in the light most favorable to the nonmoving party.  Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).  However, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."  Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); see Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.").  Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Iqbal, 556 U.S. at 679.

Unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials).  In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201.  In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); see Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted.  Fed. R. Civ. P. 15(a).  However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."  Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986).

CV-90 (06/04)                    CIVIL MINUTES - GENERAL                    Page 4 of 9

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 2:16-cv-01309-CAS(AFMx) | Date | May 10, 2016 |
|----------|-------------------------|------|--------------|
| Title | GUY HART, ET AL., v. BAYVIEW LOAN SERVICING, ET AL. | | |

## IV.   ANALYSIS

### A.   Bayview and Bank of America's Motion to Dismiss

#### 1.   Plaintiffs' Claim for Wrongful Foreclosure

"After a nonjudicial foreclosure sale has been completed, the traditional method by which the sale is challenged is a suit in equity to set aside the trustee's sale." Lona v. Citibank, N.A., 202 Cal.App. 4th 89, 103 (2011). Under California law, "[t]he elements of an equitable cause of action to set aside a foreclosure sale are as follows: (1) the trustee or mortgagee caused an illegal, fraudulent, or willfully oppressive sale of real property pursuant to a power of sale in a mortgage or deed of trust; (2) the party attacking the sale (usually but not always the trustor or mortgagor) was prejudiced or harmed; and (3) in cases where the trustor or mortgagor challenges the sale, the trustor or mortgagor tendered the amount of the secured indebtedness or was excused from tendering." Id. at 104.

Plaintiffs' claim for wrongful foreclosure arises from defendants' alleged violations of various provisions of the California Homeowner's Bill of Rights—specifically, violations of California Civil Code sections 2923.55, 2923.6, 2923.7, 2924, and 2924.9. See Compl. ¶¶ 43-46. However, Bayview and Bank of America argue that these sections of the California Civil Code apply *only to owner-occupied properties*, such that plaintiffs here cannot assert a wrongful foreclosure claim premised upon violations of these provisions. See Bayview Motion at 5-6.

Indeed, as defendants rightly note, California Civil Code section 2924.15 expressly provides that sections 2923.55, 2923.6, 2923.7, 2924, and 2924.9 "shall apply only to first lien mortgages or deeds of trust that are secured *by owner-occupied residential real property* containing no more than four dwelling units." Cal. Civ. Code § 2924.15(a) (emphasis added). This provision further provides that " 'owner-occupied' means that the property *is the principal residence of the borrower* and is security for a loan made for personal, family, or household purposes." Id.

In the instant case, plaintiffs' complaint alleges that plaintiff Guy Hart is the "owner" of the property. Compl. at ¶ 3. The Deed of Trust further lists "Guy Hart, a Single Man" as the sole borrower on the loan, and an address in Calabasas, California as

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**         **'O'**

| Case No. | 2:16-cv-01309-CAS(AFMx) | Date | May 10, 2016 |
|---|---|---|---|
| Title | GUY HART, ET AL., v. BAYVIEW LOAN SERVICING, ET AL. | | |

the borrower's address.  RJN, Ex. 1.  However, the complaint alleges that the residents of the Property are plaintiffs Leemor Hart Lavy and Zeev Lavy, whose names do not appear on the Deed of Trust.  See Compl. at ¶¶ 4-5.  Accordingly, based upon the allegations in the complaint, the Deed of Trust appears not to be "secured by [an] owner-occupied residential real property," as that term is defined by California Civil Code section 2924.15.  Thus, the relevant statutory provisions upon which plaintiffs assert their wrongful foreclosure claim appear not to apply in the instant case, and therefore cannot form the basis of plaintiffs' wrongful foreclosure claim.  See Corral v. Select Portfolio Servicing, Inc., No. 14-02251, 2014 WL 3900023, at *5 (N.D. Cal. Aug. 7, 2014) (holding plaintiffs' allegation that "Ms. Balgas is a 'resident at the property' " to be insufficient to meet the requirements of section 2924.15); Masson v. Selene Fin. LP, No. 12–05335, 2013 WL 271256, at *3 (N.D. Cal. Jan. 24, 2013) (dismissing claim in part for failure to meet the owner-occupied requirement of section 2924.15 where plaintiff admitted that she did not currently live at the property).

Indeed, in opposition to the instant motion, plaintiffs acknowledge that plaintiff Guy Hart was the sole borrower on the loan and that only his sister Leemor Hart Levy and her family have lived at the Property.  Opp'n to Bayview at 6.  Nonetheless, plaintiffs assert that Leemor Hart Levy and Zeev Levy, the residents of the Property, qualify as "equitable owners" of the Property by virtue of their "having contributed in excess of $600,000 in payments and maintenance since 2006."  Id.  However, plaintiffs cite no legal authority holding that any such "equitable owner" status would satisfy section 2924.15's requirement that the Property be "the principal residence of the borrower" on the loan.

Simply put, because (1) Hart is the borrower on the loan that is secured by the Deed of Trust, and (2) the complaint does not allege that Hart lives at the Property, the Levys' status as "equitable owners" of the Property fails to bring the allegations in the complaint within the scope of section 2924.15.[3]  Accordingly, because the complaint does

[3]  The Court notes that the principle of equitable ownership in California law appears to apply in the context of a contract for the sale of real property.  See Ocean Avenue LLC v. County of Los Angeles, 227 Cal.App.4th 344, 352 (2014) ("An unconditional contract for the sale of land, of which specific performance would be decreed, grants the purchaser equitable title, and equity considers him the owner.")

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                    **'O'**

| Case No. | 2:16-cv-01309-CAS(AFMx) | Date | May 10, 2016 |
|---|---|---|---|
| Title | GUY HART, ET AL., v. BAYVIEW LOAN SERVICING, ET AL. | | |

not allege that Hart is occupying the Property, and because the Levys are not alleged to be borrowers on the loan, the Property is not an "owner-occupied residential real property" under section 2924.15. Thus, plaintiffs have failed to state a claim for wrongful foreclosure premised upon violations of sections 2923.55, 2923.6, 2923.7, 2924, and 2924.9 of the California Civil Code.

Separately, plaintiffs also argue that their claim for wrongful foreclosure survives because they seek relief pursuant to California Civil Code sections 2924.12 (b) and 2924.12(i), which are *not* subject to the owner-occupied restriction of section 2924.15. Opp'n to Bayview at 6. Specifically, the complaint invokes (1) section 2924.12(b) as the basis for its demand for either treble damages or $50,000, and (2) section 2924.12(i) as a basis for granting attorneys' fees. Compl. at ¶ 52. But despite plaintiffs' contention to the contrary, Section 2924.12(b) does not create an independent cause of action; it merely provides damages for violations of the aforementioned statutory provisions.[4] See Cal. Civ. Code § 2924.12(b). That is, Section 2924.12(b) provides that a borrower is entitled to certain statutory damages for violations of the previously-discussed sections of the California Civil Code (i.e., sections 2923.55, 2923.6, 2923.7, and 2924.9).

In sum, plaintiffs have failed to state a wrongful foreclosure claim premised upon violations of the California Civil Code because the complaint fails properly to allege that

---

(citation omitted); c.f. Lang v. Klinger, 34 Cal.App.3d 987, 992 (1973) (Equitable ownership "does not become effective as to persons whose claims or rights to the property are purely incidental"). Here, plaintiffs do not allege that there is a contract to which either Leemor Hart Levy or Zeev Levy are parties.

[4] Plaintiffs cite two cases that purportedly support their assertion that section 2924.12 *itself* may provide the basis for an independent claim. Opp'n to Bayview at 7. These cases, however, do not support any such proposition. Specifically, Alvarez v. BAC Home Loans Serv., L.P., 228 Cal.App.4th 941, 951 (2014) merely explains that section 2924.12 allows for injunctive relief for material violations of the California Homeowner Bill of Rights, and Rockridge Trust v. Wells Fargo, N.A., 985 F.Supp.2d 1110, 1149 (N.D. Cal. 2013) simply explains that section 2924.12 provides for damages and injunctive relief based upon violations of *other* statutory provisions.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 2:16-cv-01309-CAS(AFMx) | Date | May 10, 2016 |
|----------|-------------------------|------|--------------|
| Title | GUY HART, ET AL., v. BAYVIEW LOAN SERVICING, ET AL. | | |

the Property is owner-occupied.[5]  Accordingly, plaintiffs' claim for wrongful foreclosure based upon alleged violations of the California Civil Code is **DISMISSED** without prejudice.

### 2.      Plaintiffs' Claim for Declaratory Relief

Plaintiffs' complaint asserts a second claim for declaratory relief, seeking a declaration of the parties' respective rights and duties related to the Property.  Compl. at ¶ 57.  Under California Code of Civil Procedure section 1060, a court may grant declaratory relief to "[a]ny person . . . who desires a declaration of his or her rights or duties with respect to another . . . in cases of actual controversy relating to the legal rights and duties of the respective parties."  Accordingly, a declaratory judgment acts prospectively to quiet actual controversies before they lead to "repudiation of obligations, invasion of rights or commission of wrongs."  County of San Diego v. State, 164 Cal.App.4th 580, 607 (2008).  "In order for a party to pursue an action for declaratory relief, the ' "actual, present controversy must be pleaded specifically." ' "  Jenkins v. JP Morgan Chase Bank, N.A., 216 Cal. App. 4th 497, 513-14 (2013), abrogated on other grounds by Yvanova v. New Century Mortgage Corp., 62 Cal. 4th 919 (2016).  Thus, "a claim must provide specific facts, as opposed to conclusions of law, which show a 'controversy of concrete actuality.' "  Id. (citation omitted).

Here, plaintiffs generally allege that an actual controversy exists regarding the parties' "respective rights and duties to the property, particularly with respect to the loan, deed of trust[,] and illegal and unauthorized foreclosure."  Compl. at ¶ 56.  Because this declaratory relief claim appears to be derivative of plaintiffs' wrongful foreclosure claim and premised upon the same theory regarding the impropriety of the foreclosure, discussed *supra*, the Court **DISMISSES** this claim without prejudice.

---

[5] Plaintiffs also assert that they have a wrongful foreclosure claim that arises from violations of California Civil Code section 2924.17, which they contend does not only apply to owner-occupied properties and thus triggers statutory damages here, pursuant to section 2924.12(b).  Opp'n to Bayview at 6.  However, plaintiffs' complaint does not plead violations of section 2924.17 as a basis for their wrongful foreclosure claim, and indeed plaintiffs seek leave to amend their complaint in order to plead such violations.  Id. at 9.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 2:16-cv-01309-CAS(AFMx) | Date | May 10, 2016 |
| --- | --- | --- | --- |
| Title | GUY HART, ET AL., v. BAYVIEW LOAN SERVICING, ET AL. | | |

**B.    REO's Motion to Dismiss**

On March 15, 2016, REO was named as defendant "Doe 1" in this action. According to the November 30, 2015 Trustee's Deed Upon Sale, title to the Property was transferred to REO and non-party Half Life Capital LLC following their purchase of the Property for $1,053,150.01 at the non-judicial foreclosure sale.  RJN II, Ex. A.  In a separate motion to dismiss, REO contends that because they are a bona fide purchaser for value, plaintiffs cannot maintain a claim in equity for wrongful foreclosure against them. REO Motion at 6.  In their opposition to REO's motion, plaintiffs argue that under the circumstances here, the wrongful foreclosure sale may be revoked or declared void. Opp'n to REO at 5.  In addition, plaintiffs allege in their complaint that the (then-unnamed) purchaser of the Property (i.e., REO) was "an affiliate" of Bayview.  Compl. at ¶ 35.

In light of the Court's dismissal of plaintiffs' claims as to named defendants Bayview and Bank of America, the Court also dismisses without prejudice all claims purportedly asserted against REO (i.e., "Doe 1").  Accordingly, REO's motion to dismiss is hereby granted.

**V.     CONCLUSION**

In accordance with the foregoing, defendants' respective motions to dismiss, Dkts. 7 and 12, are hereby **GRANTED** without prejudice.

Plaintiff is granted **twenty-one (21) days** to file an amended complaint addressing the deficiencies identified herein.  Failure to do so may result in dismissal with prejudice.

IT IS SO ORDERED.

|  | 00 | : | 00 |
| --- | --- | --- | --- |
| Initials of Preparer | | CMJ | |