UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**   'O'   JS-6

| Case No. | 2:16-cv-01309-CAS(AFMx) | Date | September 19, 2016 |
|---|---|---|---|
| Title | GUY HART ET AL. v. BAYVIEW LOAN SERVICING ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:  Attorneys Present for Defendants:

Sasha Brower  Mike Aleali

**Proceedings:** TELEPHONE HEARING ON DEFENDANTS BAYVIEW LOAN SERVICING, BANK OF AMERICA, AND LAW OFFICES OF LES ZIEVE'S MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT (Dkt. 57, filed August 15, 2016)

## I. INTRODUCTION

On December 21, 2015, plaintiffs Guy Hart, Leemor Hart Lavy, and Zeev Lavy (collectively, "plaintiffs") filed the instant action in the Los Angeles County Superior Court against defendants Bayview Loan Servicing ("Bayview"), Bank of America ("Bank of America"), the Law Offices of Les Zieve ("Zieve"), and Does 1 through 20, inclusive. Dkt. 1 (Compl.). Plaintiffs later identified Doe 1 as REO Partners, LLC ("REO"). The original complaint asserted claims for wrongful foreclosure, declaratory relief, and "temporary restraining order and preliminary injunctions." See generally Compl. On February 25, 2016, defendants removed this action to federal court, asserting diversity jurisdiction. Dkt. 1 (Notice of Removal).

On March 2, 2016, defendants Bayview and Bank of America filed a joint motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. 7. On March 15, 2016, defendant REO filed a separate motion to dismiss pursuant to Rule 12(b)(6). Dkt. 12. In an order dated May 10, 2016, the Court granted defendants' motions to dismiss without prejudice. Dkt 33 (First Order). On May 26, 2016, pursuant to a Joint Stipulation filed by the parties, the Court dismissed defendant REO from this action without prejudice. Dkt. 35.

On May 31, 2016, plaintiffs filed their first amended complaint ("FAC") against defendants Bayview, Bank of America, and Zieve, again asserting claims for (1) wrongful foreclosure and (2) declaratory relief. Dkt. 36. The FAC also asserted, for the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O'    JS-6 |
|---|---|---|---|
| Case No. | 2:16-cv-01309-CAS(AFMx) | Date | September 19, 2016 |
| Title | GUY HART ET AL. v. BAYVIEW LOAN SERVICING ET AL. | | |

first time in this action, claims for (3) fraud and (4) and intentional infliction of emotional distress.  Id.

On June 14, 2016, defendants Bayview, Bank of America, and Zieve filed a motion to dismiss plaintiffs' FAC,  Dkt. 40.  On June 27, 2016, plaintiffs filed an opposition to defendants' motion, dkt. 45, and on July 6, 2016, defendants filed a reply, dkt. 46.  In an order dated May 10, 2016, the Court granted defendants' motions to dismiss plaintiffs' FAC without prejudice.  Dkt 33 (Second Order).  The Court granted plaintiffs leave to amend their FAC in order to allege additional facts in support of those claims asserted in their original complaint (i.e., wrongful foreclosure and declaratory relief).  Id.

On August 1, 2016, plaintiffs filed the operative second amended complaint ("SAC") against defendants Bayview, Bank of America, and Zieve, again asserting claims for (1) wrongful foreclosure and (2) declaratory relief.  Dkt. 55.  On August 15, 2016, defendants Bayview, Bank of America, and Zieve filed the a motion to dismiss plaintiffs' SAC, dkt. 57 ("Opp'n), and a request for judicial notice, dkt. 58.  Plaintiffs filed an opposition to defendants' motion, dkt. 45, on September 6, 2016, one day after their opposition was due.  On September 6, 2016, defendants filed a notice alerting the Court that plaintiffs had not timely submitted their opposition.  Dkt. 60.  On September 8, 2016, defendants filed their reply, dkt. 64, and a supplemental request for judicial notice.

Having carefully considered the parties' arguments, the Court concludes as follows.

**II.   BACKGROUND**

Plaintiffs' factual allegations in the SAC are substantially the same as the facts alleged in the FAC.

On or about March 27, 2007, plaintiff Guy Hart obtained a $1,000,000 loan (the "subject loan") from Countrywide Home Loans, Inc. in order to purchase the real property located at 20338 Via Sansovino, Los Angeles, California 91326 (the "Property").  See SAC ¶¶ 12-13; FAC ¶¶ 12-13; Dkt. 8 (Request for Judicial Notice, or

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O'  JS-6 |
|---|---|---|---|
| Case No. | 2:16-cv-01309-CAS(AFMx) | Date | September 19, 2016 |
| Title | GUY HART ET AL. v. BAYVIEW LOAN SERVICING ET AL. | | |

"RJN"), Ex. 1.[1]  A Deed of Trust was entered evidencing a mortgage.  See RJN, Ex. 1.  According to the FAC, plaintiff Guy Hart's sister (plaintiff Leemor Hart Levy) and her husband (plaintiff Zeev Lavy) have resided at the Property since 2007.  SAC ¶¶ 4, 15; FAC ¶¶ 4-5.  The first and second amended complaints further allege that the Lavys helped make payments on the Property, including the mortgage, down payment association fees, electrical, gas, etc. and maintained the Property as part of their agreement with Plaintiff Guy Hart that they were co-owners on the Property.  SAC ¶ 15-16; FAC ¶ 5.

On or about November 18, 2011, a Notice of Default and Election to Sell Under Deed of Trust indicating an arrearage of $78,534.24 was recorded in the Los Angeles County Recorder's Office.  See RJN, Ex. 2; SAC ¶ 63; FAC ¶ 46.  Plaintiffs allege that after the recording of the Notice of Default, plaintiffs "communicated at length with Bank of America in an effort to modify the loan," but were informed on November 3, 2011 that the property was to be placed in "Accelerated Foreclosure."  SAC ¶¶ 18, 20- 21; FAC ¶¶ 15-16.  Thereafter, plaintiff Guy Hart purportedly made numerous attempts to seek a loan modification and prevent the foreclosure.  SAC ¶ 21; FAC ¶ 16.  Specifically, plaintiffs allege that in January 2012, they sent Bank of America a tender offer to purchase the home in full or, in the alternative, to modify the subject loan.  SAC ¶¶ 23-25; FAC ¶¶ 17-18.  Plaintiffs further allege, however, that while they were engaged with Bank of America in ongoing efforts to modify the loan, the Deed of Trust had already been assigned to The Bank of New York Mellon in October 2011.  SAC ¶ 20; FAC ¶ 19.  The assignment was recorded on November 1, 2011.  SAC ¶ 20; FAC ¶ 19.

---

[1] Defendants filed two requests for judicial notice of certain documents contained in the official public records of the County of Los Angeles.  See Dkts. 58, 63.  In the Court's prior order, the Court granted defendants' requests for judicial notice because these documents are in the public record and their existence is "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).  Indeed, courts routinely take judicial notice of these types of documents.  See, e.g., Liebelt v. Quality Loan Serv. Corp., 2011 WL 741056, at *6 n.2 (N.D. Cal. Feb.24, 2011); Reynolds v. Applegate, 2011 WL 560757, at *1 n.2 (N.D. Cal. Feb.14, 2011); Giordano v. Wachovia Mortg., 2010 WL 5148428, at *1 n.2 (N.D. Cal. Dec. 14, 2011).  Defendants' current request asks the Court to take judicial notice of one new document, see dkt 63, Ex. 4.  The Court **GRANTS** that request for the same reason.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'  JS-6

| Case No. | 2:16-cv-01309-CAS(AFMx) | Date | September 19, 2016 |
|---|---|---|---|
| Title | GUY HART ET AL. v. BAYVIEW LOAN SERVICING ET AL. | | |

    Plaintiffs further aver that throughout 2014 and 2015, negotiations to modify the loan were ongoing between plaintiff Guy Hart and defendant Bayview Loan Servicing. See generally SAC ¶¶ 26-33, 36-37, 46, 49, 50; FAC ¶¶ 20-29. Nonetheless, on November 4, 2015, a Notice of Trustee's Sale was recorded in the Los Angeles County Recorder's Office indicating that the estimated amount of the "unpaid balance and other charges" on the loan was $1,341,448.66. RJN, Ex. 3. Pursuant to the Notice of Trustee's Sale, a sale of the Subject Property was held on November 30, 2015. RJN, Ex. 4.

    Plaintiff Guy Hart alleges that on December 2, 2015, he contacted defendant Bayview Loan Servicing regarding the status of the loan modification and discovered, to plaintiffs' surprise, that the property had already been sold days earlier. SAC ¶ 38; FAC ¶ 32. Plaintiffs allege that they had no notice of the impending Trustee's Sale and that the resulting sale was wrongful and must be set aside. SAC ¶¶ 38-39, 41, 61-73; FAC ¶¶ 33-35, 44-56. Plaintiffs also aver that defendants conducted this illegal foreclosure during the Porter Ranch gas leak, when plaintiffs had been evacuated. SAC ¶¶ 42-44; FAC ¶ 41. Plaintiffs aver that defendants rushed through the concealed foreclosure sale because of concern for diminishing property values in Porter Ranch. SAC ¶ 44.

### III.    LEGAL STANDARD

    A motion pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint. Under this Rule, a district court properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balisteri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

    In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O'    JS-6 |
|---|---|---|---|
| Case No. | 2:16-cv-01309-CAS(AFMx) | Date | September 19, 2016 |
| Title | GUY HART ET AL. v. BAYVIEW LOAN SERVICING ET AL. | | |

Warriors, 266 F.3d 979, 988 (9th Cir. 2001).  However, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); see Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.").  Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Iqbal, 556 U.S. at 679.

Unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials).  In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201.  In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); see Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted.  Fed. R. Civ. P. 15(a).  However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."  Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986).

## IV.    DISCUSSION

Plaintiffs's SAC does not allege additional facts that support their claims for wrongful foreclosure and declaratory relief.  Therefore, the Court's analysis from its Second Order applies in its entirety.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' | JS-6 |
|---|---|---|---|---|
| Case No. | 2:16-cv-01309-CAS(AFMx) | Date | September 19, 2016 | |
| Title | GUY HART ET AL. v. BAYVIEW LOAN SERVICING ET AL. | | | |

### A. Plaintiffs' Claim for Wrongful Foreclosure

"After a nonjudicial foreclosure sale has been completed, the traditional method by which the sale is challenged is a suit in equity to set aside the trustee's sale." Lona v. Citibank, N.A., 202 Cal. App. 4th 89, 103 (2011). Under California law, "[t]he elements of an equitable cause of action to set aside a foreclosure sale are as follows: (1) the trustee or mortgagee caused an illegal, fraudulent, or willfully oppressive sale of real property pursuant to a power of sale in a mortgage or deed of trust; (2) the party attacking the sale (usually but not always the trustor or mortgagor) was prejudiced or harmed; and (3) in cases where the trustor or mortgagor challenges the sale, the trustor or mortgagor tendered the amount of the secured indebtedness or was excused from tendering." Id. at 104.

In their original complaint, plaintiffs premised their claim for wrongful foreclosure upon defendants' alleged violations of various provisions of the California Homeowner's Bill of Rights ("HBOR")—specifically, violations of California Civil Code sections 2923.55, 2923.6, 2923.7, 2924, and 2924.9. See Compl. ¶¶ 43-46. In its first and second orders dismissing plaintiffs' original complaint and FAC, the Court noted that California Civil Code section 2924.15 expressly provides that sections 2923.55, 2923.6, 2923.7, 2924, and 2924.9 "shall apply only to first lien mortgages or deeds of trust that are secured *by owner-occupied residential real property* containing no more than four dwelling units." Cal. Civ. Code § 2924.15(a) (emphasis added). This provision further provides that " 'owner-occupied' means that the property *is the principal residence of the borrower* and is security for a loan made for personal, family, or household purposes." Id.

As the Court explained in its prior orders,

> plaintiffs' [original] complaint alleges that plaintiff Guy Hart is the "owner" of the property. Compl. at ¶ 3. The Deed of Trust further lists "Guy Hart, a Single Man" as the sole borrower on the loan, and an address in Calabasas, California as the borrower's address. RJN, Ex. 1. However, the complaint alleges that the residents of the Property are plaintiffs Leemor Hart Lavy and Zeev Lavy, whose names do not appear on the Deed of Trust. See Compl. at ¶¶ 4-5. Accordingly, based upon the allegations in the complaint, the Deed of Trust appears not

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'  JS-6

| Case No. | 2:16-cv-01309-CAS(AFMx) | Date | September 19, 2016 |
|---|---|---|---|
| Title | GUY HART ET AL. v. BAYVIEW LOAN SERVICING ET AL. | | |

> to be "secured by [an] owner-occupied residential real property," as that term is defined by California Civil Code section 2924.15. Thus, the relevant statutory provisions upon which plaintiffs assert their wrongful foreclosure claim appear not to apply in the instant case, and therefore cannot form the basis of plaintiffs' wrongful foreclosure claim. [Citations].

Dkt. 33, at 5-6; Dkt 54, at 6; see also Dkt 45 at 12 (noting that plaintiff Guy Hart does not live at the property but frequently stayed at the Property "due to his disability and related pain"); SAC ¶ 8 (same).

In the operative SAC, plaintiffs' wrongful foreclosure claim again appears to be premised, at least in part, upon certain HBOR provisions that only apply to owner-occupied properties, including California Civil Code sections 2923.55, 2923.6, 2923.7, 2924, and 2924.9. To the extent plaintiffs' claim is premised upon these particular HBOR provisions, the claim again fails for the reasons stated above and in the Court's prior orders dismissing the original complaint and the FAC.

However, the operative SAC again premises plaintiffs' wrongful foreclosure claim upon violations of California Civil Code section 2924.17, whose protections are not strictly limited to owner-occupied properties. Section 2924.17 provides, in relevant part:

> (a) . . . [A] notice of default, notice of sale, assignment of a deed of trust, or substitution of trustee recorded by or on behalf of a mortgage servicer in connection with a foreclosure subject to the requirements of Section 2924, or a declaration or affidavit filed in any court relative to a foreclosure proceeding *shall be accurate and complete and supported by competent and reliable evidence*.
>
> (b) Before recording or filing any of the documents described in subdivision (a), a mortgage servicer shall ensure that it has reviewed competent and reliable evidence to substantiate the borrower's default and the right to foreclose, including the borrower's loan status and loan information.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL     'O'     JS-6

| Case No. | 2:16-cv-01309-CAS(AFMx) | Date | September 19, 2016 |
|---|---|---|---|
| Title | GUY HART ET AL. v. BAYVIEW LOAN SERVICING ET AL. | | |

Cal. Civ. Code § 2924.17(a)-(b) (emphasis added).

"[A]lthough § 2924.17 does not state the level of specificity with which a plaintiff must identify the inaccuracies contained in the [Notice of Default], *see* Cal. Civ. Code § 2924.17, [p]laintiff must plead sufficient facts 'to raise a right to relief above the speculative level' in order for his claim to survive" defendants' motion to dismiss. Davis v. U.S. Bank Nat. Ass'n, 2015 WL 2124938, at *6 (C.D. Cal. May 6, 2015) (Otero, J.) (quoting Twombly, 550 U.S. at 555). Here, with respect to their wrongful foreclosure claim premised upon violations of section 2924.17, plaintiffs allege the following:

> The Notice of Default, recorded November 18, 2011[,] . . . identifies neither Defendant Bayview Loan Servicing or Defendant Law Offices of Les Zieve as either beneficiary or trustee. [Accordingly,] Defendants failed to comply with . . . §2924.17 as the Notice of Default fails to comply with the requirements as it is not accurate, complete or supported by competent or reliable evidence. Plaintiffs are further informed and believe, and based thereon allege that additional documents recorded by Defendants in connection with the PROPERTY similarly fail to comply with Civ. Code §2924.17.

SAC ¶ 63; see also FAC ¶ 46 (same).

Despite plaintiffs' attempt to premise their wrongful foreclosure claim upon violations of section 2924.17, plaintiffs again fail to state a claim.

First, section 2924.17 of the Homeowner's Bill of Rights took effect on January 1, 2013. See Hendricks v. Wells Fargo Bank, N.A., 2015 WL 1644028, at *7 (C.D. Cal. Apr. 14, 2015) (Fitzgerald, J.) (noting that "section 2924.17 was enacted by the California Legislature as part of the Homeowner's Bill of Rights, which only came into effect on January 1, 2013"). Here, the allegedly deficient Notice of Default was recorded in 2011, two years before the safeguards of section 2924.17 went into effect. Id.; RJN, Ex. 2. "California courts comply with the legal principle that unless there is an express retroactivity provision, a statute will not be applied retroactively unless it is very clear from extrinsic that the Legislature . . . must have intended a retroactive application." Myers v. Philip Morris Companies, Inc., 28 Cal. 4th 828, 841 (2002). Accordingly, plaintiffs here cannot premise their wrongful foreclosure claim upon alleged violations of

Case 2:16-cv-01309-CAS-AFM   Document 69   Filed 09/19/16   Page 9 of 12   Page ID #:662

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**       'O'      JS-6

| Case No. | 2:16-cv-01309-CAS(AFMx) | Date | September 19, 2016 |
|---|---|---|---|
| Title | GUY HART ET AL. v. BAYVIEW LOAN SERVICING ET AL. | | |

section 2924.17, as any alleged deficiency in the Notice of Default here would have occurred well before section 2924.17 came into effect. See Hendricks, 2015 WL 1644028 at *6 (dismissing plaintiff's claim under 2924.17 because defendants' alleged misconduct occurred before HBOR's effective date); Michael J. Weber Living Trust v. Wells Fargo Bank, N.A., 2013 WL 1196959, at *4 (N.D. Cal. Mar. 25, 2013) (finding that plaintiff cannot succeed on a section 2924.17 claim because defendants' actions allegedly occurred before HBOR took effect).

The operative complaint also alleges, on information and belief, "that additional documents recorded by Defendants in connection with the PROPERTY [also] fail to comply with Civ. Code §2924.17." SAC ¶ 63; see also FAC ¶ 46 (same). The SAC does not provide further detail regarding *which* recorded documents, besides the 2011 Notice of Default, failed to comply with section 2924.17, nor does the complaint sufficiently describe the *ways in which* any such document was deficient. In opposition to the instant motion, however, plaintiffs contend that "no notice was mailed to the correct mailing address" or properly served at the Property as "required by the *Civil Code*." Opp'n at 5 (citing SAC ¶¶ 38, 41). California Civil Code section 2924f requires that "[a] copy of the notice of sale shall . . . be posted in a conspicuous place on the property to be sold at least 20 days before the date of sale, where possible and where not restricted for any reason." Cal. Civ. Code § 2924f(b)(3). However, "[t]his subdivision applies only to deeds of trust or mortgages . . . which are secured by real property containing a ***single-family, owner-occupied residence*** . . . ." Id. Accordingly, for reasons discussed *supra*, section 2924f(b)(3) appears not to apply here.

Furthermore, although plaintiffs assert that they had no notice whatsoever of the sale, SAC ¶ 39; see also FAC ¶ 33 (same), the "trustor *need not receive actual notice of the trustee's sale* so long as notice is provided to the trustor that is in compliance with [section 2924]." Knapp v. Doherty, 123 Cal. App. 4th 76, 88-89 (2004) (emphasis added) (citing Strutt v. Ontario Sav. & Loan Assn., 11 Cal. App. 3d 547, 553 (1970)). Stated differently, "Civil Code sections 2924-2924h, inclusive, do not require actual receipt by a trustor of a notice of default or notice of sale. They simply mandate certain procedural requirements reasonably calculated to inform those who may be affected by a foreclosure sale and who have requested notice in the statutory manner that a default has occurred and a foreclosure sale is imminent." Id. (quoting Lupertino v. Carbahal, 35 Cal. App. 3d 742, 746-47 (1973)). Here, plaintiffs allege the following in their general allegations:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | 'O' | JS-6 |
|---|---|---|---|---|
| Case No. | 2:16-cv-01309-CAS(AFMx) | Date | September 19, 2016 | |
| Title | GUY HART ET AL. v. BAYVIEW LOAN SERVICING ET AL. | | | |

> ZIEVE did not mail, post, nor serve properly at the
> PROPERTY, or send notice to the proper mailing address on
> file: 6433 Topanga Canyon Blvd., 3614, Canoga Park,
> 24 CA 91303. A Notice of Trustee Sale was never posted at the
> PROPERTY. Defendants failed to provide proper notice to the
> PROPERTY or the proper mailing address on file. This is
> established by Plaintiffs receiving other documentation at the
> correct address just weeks before the secret sale.

SAC ¶ 41; FAC ¶ 33 (substantially the same).

It is unclear what particular statute plaintiffs are attempting to invoke with any such allegations; in any event, plaintiffs' allegations are, for the most part, conclusory legal assertions (e.g., "[d]efendants failed to provide proper notice . . .") unsupported by specific facts. For example, although plaintiffs aver that "the correct mailing address [for delivery of the Notice of Sale] is 6433 Topanga Canyon Blvd., #614, Canoga Park, CA 91303," SAC ¶ 38; FAC ¶ 35, it is unclear *why* this is the correct address, as it is not the address of the underlying property, nor is it the address listed on the Deed of Trust for the borrower, plaintiff Guy Hart.

Based upon the foregoing, plaintiffs have again failed sufficiently to allege wrongful foreclosure premised upon violation of the California Civil Code. Accordingly, plaintiffs' claim for wrongful disclosure is **DISMISSED WITH PREJUDICE**.

### B. Plaintiffs' Claim for Declaratory Relief

As with their original complaint and the FAC, plaintiffs' SAC asserts a second claim for declaratory relief, seeking a declaration of the parties' respective rights and duties related to the Property. SAC ¶¶ 74-78. Under California Code of Civil Procedure § 1060, a court may grant declaratory relief to "[a]ny person . . . who desires a declaration of his or her rights or duties with respect to another . . . in cases of actual controversy relating to the legal rights and duties of the respective parties." Accordingly, a declaratory judgment acts prospectively to quiet actual controversies before they lead to "repudiation of obligations, invasion of rights or commission of wrongs." County of San Diego v. State, 164 Cal. App. 4th 580, 607 (2008). "In order for a party to pursue an action for declaratory relief, the actual, present controversy must be pleaded specifically." Jenkins v. JP Morgan Chase Bank, N.A., 216 Cal. App. 4th 497, 513-14 (2013)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O'  JS-6 |
|---|---|---|---|
| Case No. | 2:16-cv-01309-CAS(AFMx) | Date | September 19, 2016 |
| Title | GUY HART ET AL. v. BAYVIEW LOAN SERVICING ET AL. | | |

(quotation marks omitted), abrogated on other grounds by Yvanova v. New Century Mortgage Corp., 365 P.3d 845 (Cal. 2016). Thus, "a claim must provide specific facts, as opposed to conclusions of law, which show a controversy of concrete actuality." Id. (citation and quotation marks omitted).

Here, in language taken verbatim from their original complaint and the FAC, plaintiffs generally allege that an actual controversy exists regarding the parties' "respective rights and duties to the property, particularly with respect to the loan, deed of trust[,] and illegal and unauthorized foreclosure." SAC ¶ 77. Because this declaratory relief claim appears to be derivative of plaintiffs' wrongful foreclosure claim and premised upon the same theory regarding the impropriety of the foreclosure sale, discussed *supra*, the Court **DISMISSES** this claim **WITH PREJUDICE**.

  C. **Whether Leave to Amend Should be Granted**

Generally, "[l]eave to amend should be granted 'if it appears at all possible that the plaintiff can correct the defect[s]' " in the operative complaint. Balistreri, 901 F.2d at 701 (quoting Breier v. Northern California Bowling Proprietors' Ass'n, 316 F.2d 787, 790 (9th Cir. 1963)). Five factors are taken into account in assessing the propriety of a request for leave to amend: "[1] bad faith, [2] undue delay, [3] prejudice to the opposing party, [4] futility of amendment, and [5] whether the plaintiff has previously amended the complaint." Johnson v. Buckley, 356 F.3d 1067, 1077 (9th Cir. 2004) (citing Nunes v. Ashcroft, 348 F.3d 815, 818 (9th Cir.2003)). The decision whether to grant leave to amend "is entrusted to the sound discretion of the trial court." Jordan v. County of Los Angeles, 669 F.2d 1311, 1324 (9th Cir. 1982), vacated on other grounds, 459 U.S. 810 (1982).

Here, in their opposition to the instant motion, plaintiffs seek leave to file a third amended complaint that includes additional allegations, including, *inter alia*, (1) "additional facts to establish that the Notice of Foreclosure Sale failed to comply with the statutory requirements", (2) "additional facts to establish the tenders to purchase the Property"; (3) "additional facts regarding Defendants' ignoring the tender purchase offer"; and (4) "additional facts establishing that had Plaintiffs been given proper notice as requried by the *Civil Code*, they could have taken steps to again tender the purchase offer". Opp'n at 12.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL     'O'     JS-6

| Case No. | 2:16-cv-01309-CAS(AFMx) | Date | September 19, 2016 |
|---|---|---|---|
| Title | GUY HART ET AL. v. BAYVIEW LOAN SERVICING ET AL. | | |

Plaintiffs speak only in generalities, however, and offer no specific facts that might cure the deficiencies identified in the operative complaint.

Accordingly, in light of the potential prejudice to the opposing party, the fact that plaintiffs have already been afforded three opportunities to plead their wrongful foreclosure claim, and the apparent futility of allowing further amendment, the Court **DENIES** plaintiffs' request for leave to amend. Buckley, 356 F.3d at 1077.

## V. CONCLUSION

In accordance with the foregoing, the Court **GRANTS** defendants' motion to dismiss plaintiffs' complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Because further amendment of the complaint would likely be futile, the Court dismisses this action **WITH PREJUDICE**.

IT IS SO ORDERED.

|  |  | 00 | : | 07 |
|---|---|---|---|---|
|  | Initials of Preparer |  | CMJ |  |